Hibbard, P. J.
The plaintiff brings an action to recover premiums paid to the defendant on two certain pol *493 ieies issued by it insuring his life. Although otherwise stated in the report, it was agreed at the bar the plaintiff claims the amount of the premiums at the rate of forty-five cents weekly for each policy for the first two years after the date of their issuance. The following facts hereafter adjusted to the statement at the bar are stated in the report to be agreed upon to be true and together with any and all inferences reasonably and properly to be drawn shall constitute all the relevant and admissible facts material to the decision of the case.
The plaintiff is a resident of Springfield in said Hampden County. The defendant is a corporation duly established according to law, has a usual place of business in said Spring-field, and is engaged in the life insurance business.
On January 30,1935, the defendant issued two Industrial policies of insurance on the life of the plaintiff, being numbered 26547910 and 26547911, respectively, each in the face amount of $870.
On March 27, 1935 the defendant issued two additional Industrial policies of insurance on the life of the plaintiff, being numbered 26749388 and 26749389, respectively, each in the face amount of $783.00. A copy of each of the policies referred to in this paragraph is annexed hereto, marked “A” and “B”, respectively. For convenience the following paragraphs from the policies marked “A” and “B” are inserted herein, although the entire policies are to be considered as part of the case stated:
INCONTESTABILITY. After this policy shall have been in force during the lifetime of the Insured for a period of two years from its date of issue, it shall be incontestable except for non-payment of premiums, or for error in age.
*494 POLICY WHEN VOID. This policy shall be void: (1) if the Insured has been rejected for insurance ■by this or any other company, society or order; or has attended any hospital, or institution of any kind engaged in the care or cure of human health or disease, or has been attended by any physician, within two years before the date hereof, for any serious disease, complaint or operation; or has had before said date any pulmonary disease, cancer, sarcoma, or disease of the heart or kidneys; unless each such rejection, medical and hospital attendance and previous disease is specifically waived by an endorsement in the space for endorsements on Page 4 hereof signed by the Secretary; (2) or if an Industrial or Weekly Premium policy previously issued by this company on the life of the Insured shall be in force on the date hereof or running as extended insurance unless this policy bears an endorsement signed by the Secretary authorizing its continuance in addition to -such previously issued insurance. The Company shall not be presumed or held to know of the issue of any prior policy or to know of any prior rejection.
Policy No. 26749388- bore an endorsement signed by the secretary of the defendant company authorizing its continuance in addition to policy No. 26749389, and policy No. 26749389 bore an endorsement signed by the secretary of the defendant company authorizing its continuance in addition to policy No. 26749388. Neither policy 26749388 nor policy No. 26749389 bore any endorsement authorizing its continuance in addition to policy No. 26547910 or policy No. 26547911.
Policies No. 26547910 and No. 26547911 were in force under the ordinary provisions thereof continuously from their issue until they lapsed for non-payment of the premiums due April 20, 1938. Under the non-forfeiture provisions thereof both such policies remained in force, each *495 for its full face amount, as extended term insurance to April 26, 1939, in accordance with the terms of each such policy.
The plaintiff paid premiums at the rate of 45^ per week on each of policies No. 26749388 and No. 26749389. Bach such policy lapsed for the non-payment of the premiums due April 20, 1938. If the policies, were valid, under the non-forfeiture provisions thereof both such policies would -remain in force, each for its full face amount as extended term insurance, which would expire on April 26, 1939, in accordance with the terms of each such policy.
The defendant company did not know until sometime after April 20, 1938, that policies No. 26749388 and No. 26749389 insured the same life as policies No. 26547910 and No. 26547911.
Notwithstanding the allegations in the plaintiff’s declaration and in the plaintiff’s answer to the defendant’s motion for specifications contained, the plaintiff’s only contention is that he is entitled to recover the sum of Ninety-three dollars and sixty cents ($93.60), which is the aggregate amount of premiums paid on policies No. 26749388 and No. 26749389 for the first two years.
The Court found for the defendant.
The plaintiff seasonably filed certain requests for rulings, those denied being as follows:
“1. Upon all the evidence a finding for the plaintiff is warranted.”
“4. If the Court finds that the defendant’s agent put the wrong address of the plaintiff in the two policies of insurance issued to the plaintiff, the policies were void ab initia and the plaintiff is entitled to recover back the premiums paid by him during the first two years.”
*496 “5. If the Court finds that the policies issued by the defendant were void, there was a failure of consideration and the plaintiff is entitled to recover back the premiums paid by him.”
“6. The defendant is responsible for any wilfull or negligent acts of its agent in making out the plaintiff’s applications for the policies.”
“7. The 'policy when void’ conditions in the policy were_ conditions precedent to the taking effect of the policies and since these conditions had not been complied with this failure made the policies absolutely void.”
The fourth and sixth were denied as being unsupported by any facts in or inferences that may be reasonably and properly drawn from the statement of agreed facts. The fifth was denied because after the expiration of the two year contestability period the policies became incontestable according to their terms except for non-payment of premiums or for error in age, and according to the terms of the policies the plaintiff received full protection thereunder. The seventh was denied because the “incontestable” clause modifies the “policy when void” clause and is not inconsistent with the interpretation of the provisions in that clause as conditions precedent.
The issue thus becomes clear, namely, were the policies void from their inception and so continued for two years when by reason of the incontestability clause they became valid and of full force and effect with the resultant right for the plaintiff when they lapsed for non-payment of premiums to collect the premiums paid during the first two years.
In our opinion, the claim of the plaintiff is predicated upon an assumption that is not sound. Unquestionably the “policy when void” clause standing alone constituted a *497 condition precedent and hence the company could at any time escape liability by showing that at the time of the issuance of the policies there were two other Industrial or Weekly Premium policies previously issued by it on the life of the insured in force unless the company had by endorsement authorized their issuance. The so-called incontestability clause constituted a partial waiver of this provision. By its terms it made the policies in force from their date but voidable within two years upon any of the grounds reserved but not thereafter except for non-payment of premium or for error in age. Healey v. Metropolitan Life Insurance Co., 37 App. D. C. 240.
It cannot be denied the policies were issued and delivered, the premiums due were paid by the plaintiff and received by the defendant. The policies were treated as subsisting contracts by both parties. This answers the claim that the policies were void from their inception. Mohr v. Prudential Insurance Co. of America, 32 R. I. 177.
The incontestability clause must be given effect in accordance with the expressed intention of the parties when the policies were delivered and accepted. The contracts were valid and subsisting from their date notwithstanding certain conditions precedent and could be voided only during the first two years except for other reasons not here material. Mutual Reserve Fund Life Association v. Austin, 142 Fed. 398.
The plaintiff had the protection of the two policies for the entire time when premiums were paid and during the further time when the benefits of extended insurance were his. He allowed the policies to lapse for non-payment. To now allow him to recover the premiums paid during the two years when either party could have voided the *498 policies but did not would be contrary to- the broad equitable principles which the plaintiff invokes in his brief. Such an interpretation of the contracts would practically defeat the incontestable clause. While we find no decision based upon comparable facts, pure reasoning and equity require we hold there was no prejudicial error.